UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-20792-CIV-MORENO

SILVIA CARRION,

    Plaintiff,

vs.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER DENYING MOTION TO REMAND

THIS CAUSE came before the Court upon the plaintiff's Motion to Remand **(D.E. No. 10)**, filed on **March 26, 2013**.

THE COURT has considered the motion, response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Courts should strictly construe the requirements of 28 U.S.C. §1441 (removal jurisdiction) and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). However, in determining whether to remand a case, the Court must consider the facts as they existed at the time of removal. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 294, 58 S.Ct. 586, 593 (U.S. 1938). In this case, the defendant removed on the basis of the plaintiff's claim estimate, prepared and submitted to the defendant by the plaintiff's public adjuster. *See* D.E. No. 1

at 2. That estimate totaled $116,325.37. *See id.* Although the plaintiff eventually reduced that estimate vis-à-vis her Sworn Statement in Proof of Loss, the Court finds that the subsequent estimate was not received by the defendant until after the Notice of Removal (D.E. No. 1) was filed in this case. Accordingly, because §1441's amount in controversy requirement was satisfied at the time of removal, the plaintiff's Motion to Remand is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 21 day of May, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record